E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-06966-S1**
9/20/2023 4:14 PM
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

**JOANNA CARROLL**

PLAINTIFF

CIVIL ACTION NUMBER: 23-C-06966-S1

VS.

**STATE NATIONAL INSURANCE COMPANY**

**C/O CT Corporation System**

**289 S Culver St. Lawrenceville, GA 30046**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Roodgine D. Bray - Davis Bozeman Law Firm, PC
4153-C Flat Shoals Pkwy, Suite 332
Decatur, GA 30032

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.
20th day of September, 2023

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011



E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-06966-S1**
9/20/2023 4:14 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**JOANNA CARROLL**

PLAINTIFF

CIVIL ACTION
NUMBER: 23-C-06966-S1

VS.

**W TRUCKING GROUP, INC**

C/O Dawn Richardson - Financial Integrity Group

410 E Taylor St, Ste G, Griffin, GA 30223

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Roodgine D. Bray - Davis Bozeman Law Firm, PC
4153-C Flat Shoals Pkwy, Suite 332
Decatur, GA 30032

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

20th day of September, 2023

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-06966-S1
9/20/2023 4:14 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**JOANNA CARROLL**

PLAINTIFF

CIVIL ACTION NUMBER: 23-C-06966-S1

VS.

**SALEH ABUBAKAR**

**1099 S West Temple, Apt C104**

**Salt Lake City, Utah 84101**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Roodgine D. Bray - Davis Bozeman Law Firm, PC
4153-C Flat Shoals Pkwy, Suite 332
Decatur, GA 30032

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.
     20th day of September, 2023

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-06966-S1**
9/20/2023 4:14 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOANNA CARROLL, | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | CIVIL ACTION NO.: |
| V. | * | 23-C-06966-S1 |
| | * | |
| SALEH ABUBAKAR, W TRUCKING | * | **JURY TRIAL DEMANDED** |
| GROUP, INC, & STATE NATIONAL | * | |
| INSURANCE COMPANY, INC., | * | |
| | * | |
| DEFENDANTS. | * | |

### COMPLAINT FOR DAMAGES

COMES NOW Joanna Carroll ("Plaintiff"), and hereby makes and files this Complaint for Damages against Saleh Abubakar, W Trucking Group, Inc., and State National Insurance Company, Inc. ("Defendants"), by showing this Honorable Court the following:

### PRELIMINARY STATEMENT

1.

This is a civil action brought against Defendants for their misconduct in negligently operating a tractor trailer on September 13, 2022 that resulted in serious injuries, losses, and harms to by Plaintiff Joanna Carroll, for which Defendants are morally and legally accountable.

### PARTIES, JURISDICTION, AND VENUE

2.

Defendant W Trucking Group, Inc. (hereinafter "W Trucking") is a foreign company incorporated under the laws of the State of Illinois. Defendant W Trucking transacts business in the State of Georgia. At the time of the incident complained of herein, Defendant W Trucking Group, Inc. authorized one of its tractor-trailers to operate in the State of Georgia. W Trucking can be served through its registered agent, Dawn Richardson – The Financial

1

Integrity Group – 410 E Taylor Street, Ste G, Griffin, GA 30223. When service is made upon Defendant W Trucking, it shall be subject to the jurisdiction of this Court.

3.

Defendant Saleh Abubakar (hereinafter "Smith") is a Resident of Salt Lake City, Utah. Defendant Abubakar was at all times relevant to this incident operating a commercial motor vehicle in the State of Georgia, Cobb County. Under the provisions of the Nonresident Motorist Act, O.C.G.A § 40-12-1, et seq., Defendant Abubakar is a nonresident of the State of Georgia. For purposes of Service by the Secretary of State and the required mailing under the Nonresident Motorist Act, Defendant Abubakar's address is 1099 S West Temple, Apt C104, Salt Lake City, Utah 84101. When service is made upon nonresident Defendant Abubakar in the manner prescribed by law i.e., O.C.G.A § 40-12-2, Defendant Abubakar shall be subject to the jurisdiction of this Court. Defendant Abubakar was the operator of Defendant W Trucking Group, Inc.'s tractor-trailer when he caused the motor vehicle collision in Cobb County, Georgia.

4.

Defendant State National Insurance Company, Inc. (Hereinafter "State National") at all times relevant hereto acted as surety company and/or provided a policy of State National insurance or liability insurance on behalf of Defendant W Trucking Group, Inc., and its servants and agents, to include Defendant Saleh Abubakar and is subject to suit by direct action pursuant to O.C.G.A. § 40-1-112.

5.

Defendant State National Insurance Company, Inc. is a Texas insurance company authorized to transact business in the State of Georgia. Defendant State National may be served with the Summons and Complaint through its registered agent for service of process, C.T.

Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, GA 30046-4805. When service of process is made as prescribed by law, Defendant State National will be subject to the jurisdiction of this Court.

6.

Plaintiff Joanna Carroll, a Georgia resident.

7.

Defendant Abubakar was at all times relevant to this incident as the operator of the tractor-trailer that caused the motor vehicle collision with Plaintiff Carroll during the course and scope of his employment with Defendant W Trucking Group, Inc.

8.

This Court has subject matter jurisdiction over the personal injury and property damage claims asserted herein and will have personal jurisdiction over Defendant Abubakar once served pursuant to O.C.G.A. § 40-12-1.

9.

This Court has subject matter jurisdiction over the personal injury and property damage claims asserted herein and will have personal jurisdiction over Defendant W Trucking Group, Inc. once served pursuant to O.C.G.A. § 9-11-4(d)(1).

10.

Venue in this Court is proper as to Defendants.

## FACTS

11.

Plaintiff realleges and incorporates paragraphs 1 through 10 as fully set forth herein.

12.

On September 13, 2022, Defendant Saleh Abubakar was operating a 2014 Freightliner tractor trailer truck owned by the Defendant W Trucking Group, Inc. and insured by Defendant State National Insurance Company, Inc.

13.

On September 13, 2022, Defendant W Trucking Truck Inc. was a motor common carrier.

14.

At the time of the subject collision, Defendant Abubakar was traveling southbound on Interstate 75 approaching Delk Road in Cobb County, Georgia.

15.

At the referenced location, I-75 consisted of seven lanes in the southbound lane.

16.

At all times relevant to the subject collision, Defendant Abubakar was traveling in the third lane from the right directly behind a 2017 Jeep Cherokee.

17.

The Jeep Cherokee slowed for traffic on the Interstate.

18.

Saleh Abubakar failed to realize traffic in front of him had slowed and/or stopped.

19.

Consequently, Saleh Abubakar collided into the rear of the Jeep Cherokee.

20.

The impact caused extensive property damage to the Jeep Cherokee and personal injury to the driver.

21.

The Jeep Cherokee was operated by Plaintiff Joanna Carroll.

22.

As a result of the collision Defendant Abubakar was charged with the driving offense of following too closely, in violation of O.C.G.A. § 40-6-49.

**AFTERMATH OF THE PREVENTABLE CRASH**

23.

As a result of the crash, Plaintiff Joanna Carroll suffered serious physical and emotional injuries.

24.

As a result of the injuries she sustained in the crash, Ms. Carroll was required to seek medical treatment and care.

25.

As a result of the injuries she sustained in the crash, Ms. Carroll has incurred significant medical expenses for which he seeks recovery.

26.

As a result of the injuries she sustained in the crash, Ms. Carroll will incur future medical expenses for which he seeks recovery.

27.

As a result of the crash, Ms. Carroll has sustained permanent injuries for which she seeks recovery.

28.

As a result of the injuries she sustained in the crash, Ms. Carroll has incurred lost wages for which she seeks recovery.

29.

As a result of the injuries she sustained in the crash, Ms. Carroll will incur future lost wages for which she seeks recovery.

**NEGLIGENCE OF DEFENDANT SALEH ABUBAKAR**

30.

Plaintiff realleges and incorporates paragraphs 1 through 29 as fully set forth herein.

31.

On September 13, 2022, Defendant Abubakar had a commercial driver's license.

32.

On September 13, 2022, Defendant Abubakar was a professional truck driver.

33.

Defendant Abubakar earned his livelihood through the operation of large commercial motor vehicles in interstate commerce.

34.

Defendant Abubakar was required, on September 13, 2022, to operate his tractor in the manner expected of a trained, professional commercial motor vehicle driver.

35.

Defendant Abubakar had a duty, as a driver, to abide by the rules of the road in the State of Georgia.

36.

Defendant Abubakar had a duty, as a professional driver, to abide by the training provided him by his employer, Defendant W Trucking.

37.

Defendant Abubakar had a duty as a professional driver to abide by the principles of the Smith System.

38.

Defendant Abubakar had a duty as a commercial motor vehicle operator to abide by the principles of the commercial driver's manual in operating the tractor-tanker.

39.

Defendant Abubakar was negligent in his operation of the vehicle by:

    a. Driving too fast for conditions then existing;

    b. Failing to keep a proper lookout for other vehicular traffic;

    c. Failing to exercise due care in the operation of his vehicle;

    d. Failing to take timely evasive action to avoid the crash;

    f   Failing to abide by the four second rule;

    g. Failing to maintain appropriate space around his vehicle;

    j. Failing to maintain control of the vehicle he was operating;

    k. Operating a vehicle in reckless disregard for the safety of others;

    l. Failing to take evasive action or other reasonable actions to control the vehicle he was operating in order to avoid striking Ms. Carroll's vehicle; and

    m. Further acts of negligence as may be disclosed during discovery and shown at trial.

40.

In connection with the subject occurrence, Driver Abubakar violated the following driving standards established by the Smith System, as she failed to:

    a. Aim high in steering;

    b. Get the big picture;

    c. Keep her eyes moving;

    d. Leave herself an out; and

    e. Make sure the driver of the Jeep Cherokee saw him.

41.

Defendant Saleh Abubakar committed negligence per se in violating the following laws of the State of Georgia:

    a. O.C.G.A. §40-6-49 (following too closely);

    b. O.C.G.A. §40-6-241 (failure to exercise due care);

    c. O.C.G.A. §40-6-180 (driving too fast for conditions); and

    d. O.C.G.A. §40-6-390 (reckless driving).

42.

Operating a commercial motor vehicle requires the development of special skills and the knowledge of numerous safety standards.

43.

Federal law requires that each state have minimum standards for the licensing of commercial drivers.

44.

The various Commercial Drivers Licensing Manuals of each state contain the minimum knowledge that the driver of a commercial vehicle should possess in order to operate a commercial motor vehicle.

45.

In connection with the subject occurrence Smith violated the following driving standards established by the Utah and Georgia Commercial Driver's License Manuals as he failed to:

a. Look 12-15 seconds ahead to know what was going on around his vehicle,
b. Adjust the speed of his vehicle to the driving conditions he encountered,
c. Alertly manage the space ahead of his commercial vehicle to prevent an accident,
d. Be alert to hazards and take timely and appropriate precautions to avoid them,
e. Not shift his full attention away from the task of driving,
f. Follow appropriate safety practices to prevent an emergency.

46.

Ms. Carroll's injuries and damages, which form the basis of this action were solely and proximately caused by the negligence of Defendant Abubakar and vicariously that of Abubakar's employer (Defendant W Trucking).

47.

Defendant Abubakar's negligent operation of his tractor caused the collision, the injuries and damages Ms. Carroll suffered.

48.

Ms. Carroll is entitled to recover from Defendants for all damages allowed under Georgia law caused by Defendants' negligence.

## **DEFENDANT W TRUCKING TRUCK INC'S VICARIOUS LIABILITY FOR THE COLLISION AND FOR MS. CARROLL'S INJURIES AND DAMAGES**

49.

Plaintiff realleges and incorporates paragraphs 1 through 48 as fully set forth herein.

50.

Defendant W Trucking Truck is liable to the Plaintiff under the doctrine of *respondeat superior* pursuant to O.C.G.A. § 51-2-1 for the negligent acts and omissions committed by its agents, officers and employees, including, but not limited to, Defendant Abubakar.

51.

At all pertinent times hereto, Defendant Abubakar was employed or contracted by Defendant W Trucking Truck.

52.

Upon information and belief, Defendant W Trucking Truck controlled the time, manner, and method in which Defendant Abubakar executed and performed his job duties. As a result of these actions, Defendant W Trucking Truck is Defendant Abubakar's employer, and is therefore

liable for his negligent acts and/or omissions.

## DEFENDANT STATE NATIONAL INSURANCE COMPANY, INC.'S CONTRACTUAL LIABILITY

53.

Plaintiff realleges and incorporates Paragraphs 1 through 52 as if fully set forth herein.

54.

At the time of the incident from which this Complaint arises, Defendant State National had issued a policy of liability insurance to Defendant W Trucking and said policy was in force and effect on September 13, 2022.

55.

Defendant State National is made a party to this action pursuant to O.C.G.A. § 40-1-112.

56.

Under the provisions of O.C.G.A. § 40-1-112, Defendant State National, pursuant to its policy of insurance, is financially responsible for Ms. Carroll's physical injuries, mental and emotional injuries, general damages, and special damages, as caused by the direct negligence of Defendant Abubakar and the vicarious liability of Defendant W Trucking.

57.

Under the provisions of O.C.G.A. § 40-1-112, Defendant State National, pursuant to the policy of insurance, is financially responsible for Ms. Carroll's injuries and damages, as caused by the direct negligence of Defendant Abubakar and the vicarious liability of Defendant.

## DAMAGES TO MS. JOANNA CARROLL FOR WHICH DEFENDANTS ARE ACCOUNTABLE

58.

Plaintiff realleges and incorporates paragraphs 1 through 57 as fully set forth herein.

59.

The impact of the tractor to the vehicle driven by Plaintiff caused her to suffer injuries and damages.

60.

As a direct and proximate result of the collision, Plaintiff sustained personal injuries including, but not limited to, head, pain in the neck, back, wrist, and anxiety and depression.

61.

As a direct and proximate result of the negligence of Defendants, Plaintiff Carroll sustained personal injuries and was required to undergo medical care from medical care providers and incurred medical expenses and lost wages in excess of $599,336.80 to be proven at trial.

62.

As a direct and proximate result of the negligence of Defendants, Plaintiff Carroll incurred lost wages in excess of $2,000.00 – a specific amount to be proven at trial.

63.

As a direct and proximate result of the negligence of Defendants, Plaintiff Carroll incurred out of pocket expenses in excess of $500.00 – a specific amount to be proven at trial.

64.

Plaintiff Carroll incurred injuries that may be permanent in character.

65.

Plaintiff's injuries will likely require future care to address the injuries he sustained from this crash.

66.

Plaintiff is entitled to recover from Defendants for all damages allowed under Georgia law caused by Defendants' negligence.

## COUNT V
## O.C.G.A. § 13-6-11 DAMAGES

67.

Plaintiff is entitled to recover from Defendants for all damages allowed under Georgia law caused by Defendants' negligence.

68.

Defendants have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense. Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to attorney's fees and expenses of litigation.

WHEREFORE, Plaintiff respectfully seeks the following relief:

1) That Defendants be served with process as required by law;

2) That Plaintiff has and recovers a verdict and judgment against Defendants for special damages in an amount to be proven at trial;

3) For a trial by jury;

4) That Plaintiff has and recovers a verdict and judgment against Defendants for damages for physical injuries and pain and suffering

5) That Plaintiff has and recovers a verdict and judgment against Defendants for general damages in an amount to be determined through the enlightened conscience of the trier

of fact;

6) That Plaintiff has and recovers a verdict and judgment against Defendants for the recovery of damages for mental and emotional pain and suffering;

7) For lost wages in an amount to be proven at trial;

8) For such other special damages as may be specified by timely amendment to this Complaint;

9) For attorney's fees and expenses of litigation;

10) That all costs be cast against the Defendants; and

11) For such other relief as this Honorable Court deems just and proper

This 20th day of September, 2023.

Respectfully submitted,

/S/ Roodgine D. Bray
ROBERT O. BOZEMAN
Georgia Bar No. 073561
rbozeman@davisbozemanlaw.com
ROODGINE D. BRAY
Georgia Bar No. 543876
rbray@davisbozemanlaw.com
MAWULI M. DAVIS
Georgia Bar No. 212029
mdavis@davisbozemanlaw.com
*Attorneys for Plaintiff*

**The Davis Bozeman Law Firm, P.C.**
4153-C Flat Shoals Parkway; Suite 332
Decatur, Georgia 30034
(404) 244-2004
(404) 244-2020 (Fax)